```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE


IN RE:                         :
                               : Chapter 11
WINSTAR COMMUNICATIONS, INC.,  :
et al.,                        : Bankruptcy Case No. 01-1430 JB
                               :
       Debtors.                :
                               :
_____:_____
                               :
CHAPTER 7 TRUSTEE CHRISTINE C. :
SHUBERT,                       :
                               : Adversary No. 03-52527
       Plaintiff,              :
                               : Civil Action No. 04-300 JJF
    v.                         :
                               :
JULIUS KRAFT COMPANY, INC.,    :
                               :
       Defendant.              :
```

Sheldon K. Rennie, Esquire of FOX, ROTHSCHILD LLP, Wilmington, Delaware.
Of Counsel: Richard G. Smolev, Esquire of KAY SCHOLER LLP, New York, New York; Sheldon L Solow, Esquire of KAYE SCHOLER LLP, Chicago, Illinois; and Marlene M. Moffitt, Esquire of KAYE SCHOLER LLP, Los Angeles, California.
Attorneys for Plaintiff.

Ronald J. Drescher, Esquire of DRESCHER & ASSOCIATES, PA, Baltimore, Maryland.
Of Counsel: Roland Gary Jones, Esquire of JULIUS KRAFT COMPANY, INC., New York, New York.
Attorneys for Defendant.

## MEMORANDUM OPINION

March 24, 2005
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is the Motion Of Julius Kraft Company, Inc. For Withdrawal Of The Reference (D.I. 1) filed by Defendant. For the reasons discussed, Defendant's Motion will be granted.

## BACKGROUND

On April 18, 2001, the debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

On April 2, 2003, Christine C. Shubert, as Chapter 7 Trustee, brought this adversary proceeding to recover, pursuant to Section 547 of the Bankruptcy Code, $637,000 in allegedly preferential payments made to Julius Kraft Company, Inc. ("Kraft") by the debtors Winstar Communications, Inc., et al. ("Winstar"). The Complaint alleges that Kraft received preferential payments from the debtors within the 90 days prior to the petition date.

On August 21, 2003, Kraft filed its answer, in which it demanded a jury trial. Kraft has not filed a proof of claim against any of the debtors. The parties agree that this is a core proceeding.

Kraft filed the pending Motion To Withdraw The Reference (D.I. 1) on May 11, 2004.

## PARTIES' CONTENTIONS

By its motion, Defendant contends that, because it has refused to consent to trial in the Bankruptcy Court, litigation of the

1

Adversary Proceeding in the Bankruptcy Court would deprive Defendant of its Seventh Amendment right to a jury trial. Defendant argues that such a denial is sufficient cause to warrant discretionary withdrawal.

In response, Plaintiff contends that Kraft's request for withdrawal is untimely because Kraft waited almost nine months after it received the Trustee's complaint and until two months before trial to request withdrawal. Plaintiff further contends that a withdrawal of the reference would be unduly prejudicial to Plaintiff because it would cause undue delay in the Adversary Proceeding as well as in the Trustee's administration of the bankruptcy estates.

## DISCUSSION

Pursuant to 28 U.S.C. § 1334(b), district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Pursuant to 28 U.S.C. § 157(a), each district court may refer cases under title 11 to the Bankruptcy Court for disposition. Under Section 157(d), however, the referred proceeding can be withdrawn from the Bankruptcy Court and returned to the district court. Section 157(d) provides for both mandatory withdrawal and discretionary withdrawal. In this case, Defendant seeks withdrawal only under the standards for discretionary withdrawal.

In providing for discretionary withdrawal, Section 157(d)

2

states: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The requirement that cause be shown "creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless rebutted by a contravening policy.'" Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., 106 B.R. 367, 371 (D. Del. 1989)(citations omitted).

The Court of Appeals for the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for discretionary withdrawal. These factors include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (adopting Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985)). "Another factor sometimes considered by courts analyzing whether withdrawal is appropriate is 'whether the parties have requested a jury trial.'" In re NDEP Corp., 203 B.R. 905, 908 (D. Del. 1996) (quoting Hatzel, 106 B.R. at 371).

However, assertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the Bankruptcy Court, is not of itself sufficient cause for

discretionary withdrawal. "[I]t is well-settled that 'a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial.'" In re Apponline.Com, 303 B.R. 723, 727 (E.D.N.Y. 2004) (quoting In re Enron Corp., 295 B.R. 21, 27 (S.D.N.Y.2003) (internal citations omitted)). A district court may consider a demand for a jury trial insufficient cause for discretionary withdrawal if the motion is made at an early stage of the proceedings and dispositive motions may resolve the matter. See In re Apponline.Com, 303 B.R. at 728; In re Enron Power Mktg., Inc., 2003 WL 68036, at *10-11; In re Enron Corp., 295 B.R. at 27-28.

In this case, the Court concludes that Defendants did not make the motion to withdraw at an early stage of the proceedings and, thus, a demand for a jury trial is sufficient cause for discretionary withdrawal in these circumstances. Further, the Court finds that the Trustee has not shown that it would be unduly prejudiced by withdrawal, even though the case has been pending for some time.

## CONCLUSION

For the reasons discussed, the Court will grant the Motion Of Julius Kraft Company, Inc. For Withdrawal Of The Reference (D.I. 1).

An appropriate Order will be entered.

4