IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINE C. SHUBERT, as Chapter 7 Trustee for the estate of WINSTAR COMMUNICATIONS, INC., et al., | : : : : |
| Plaintiff, | : : |
| v. | : Civil Action No. 04-300-JJF |
| JULIUS KRAFT COMPANY, INC., | : : : |
| Defendant. | : : |

## TRUSTEE'S STATUS REPORT

Pursuant to this Court's Order dated January 25, 2006, the plaintiff Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate of Winstar Communications, Inc. ("Winstar"), submits the following status report regarding the above-captioned adversary proceeding against Julius Kraft Company, Inc. ("JKCI") to the Court.

**I.      Relevant Procedural History**

1.      On July 22, 2003, the Trustee served an adversary complaint against JKCI to recover certain transfers made by Winstar to JKCI during the preference period which commenced Adversary No. 03-52527 (the "Bankruptcy Action") in the Bankruptcy Court.

2.      On August 21, 2003, JKCI answered the complaint.

3.      On April 15, 2004, after discovery had closed and two months before the trial date scheduled in the Bankruptcy Court, JKCI filed a motion with the Bankruptcy Court to withdraw the reference (the "Withdrawal Motion").  The Withdrawal Motion was docketed with this District Court on May 11, 2004.

4. On March 24, 2005, this Court granted the Withdrawal Motion and withdrew its reference to the Bankruptcy Court. The adversary proceeding thereafter was docketed as a District Court proceeding under Civil Action No. 04-300 (JJF)

5. On September 15, 2005, this Court entered a scheduling (the "Scheduling Order") which sets forth certain discovery deadlines as well as a status conference for February 7, 2006.

6. On January 25, 2006, this Court entered an order requesting that a status report by filed by each of the parties on or before February 1, 2006 (the "Status Report").

## II.  Discovery

7. Pursuant to the Scheduling Order, the Trustee and JKCI were to complete all discovery on or before November 1, 2005. It should be noted that comprehensive discovery was propounded and answered by the Trustee and JKCI during the pendency of the Bankruptcy Action. As the Trustee's case-in-chief is based upon the documentary evidence collected by the Trustee from Winstar's business records and files, the Trustee did not propound any additional discovery on JKCI and chose not to depose any employees of JKCI or other third parties. The Trustee did file her initial disclosures pursuant to Federal Rule of Civil Procedure 26 in which the Trustee identified Messrs. Peter Salzarulo and Stephen Scherf as potential fact and expert witnesses on behalf of the Trustee. Messrs. Scherf and Salzarulo had also been identified as the Trustee's experts in disclosures made to JKCI in the Bankruptcy Action and in correspondence to JKCI's counsel. On March 9, 2004, the Trustee distributed to JKCI's counsel a copy of the Solvency Report drafted by Mr. Scherf.

8. While the Trustee has identified these individuals as potential fact and expert witnesses, these witnesses are not necessary for the prosecution of the Trustee's case. The Trustee believes that the elements of a preference under 11 U.S.C. § 547 can be established in

this case solely through documentary evidence previously distributed to counsel to JKCI. However, if opposing counsel determines to test the authenticity or foundation for any of these documents or if this Court requires live testimony to authenticate the documents obtained from Winstar's business records and files or settle any other issues of fact, the Trustee will call Messrs. Scherf and Salzarulo who assisted the Trustee in gathering analyzing such records.

      9.      JKCI also chose not to depose any of the Trustee's fact or expert witnesses and propounded no additional discovery on the Trustee. JKCI also did not identify any expert witnesses who would testify on its behalf and did not distribute to the Trustee any expert reports.

### III. Settlement

      10.      The Trustee and JKCI have engaged in very limited settlement negotiations. The Trustee has expressed to JKCI's counsel her willingness to engage in further negotiations to resolve this lawsuit prior to a trial. Specifically, on numerous occasions, Trustee's counsel has proposed, via email and telephone messages, to undertake additional negotiations regarding a possible out-of-court settlement. JKCI's counsel has failed to return counsel's telephone and email messages.[1]

### IV. Trial

      11.      The Trustee is prepared to proceed with a trial on the merits of this case within 90 days of the Status Conference. The Trustee's case is straightforward and supported by the documentary evidence and therefore, unless the Court requires, the Trustee respectfully submits that she may proceed without live testimony from witnesses. Of course, the Trustee may call witnesses to rebut testimony presented by JKCI with regard to any issues of fact.

---

[1] Trustee's counsel will bring to the February 7, 2006, hearing a copy of the numerous emails sent to JKCI's counsel during the preceding year inviting discussions regarding a possible settlement.

PH1 801951v1 02/01/06

12.     Counsel for the Trustee will be available at the Status Conference to discuss available dates for trial.

Dated:  February 1, 2006

                        Respectfully submitted,

                        FOX ROTHSCHILD,LLP

                        By: _/s/ Sheldon K. Rennie_____
                            Sheldon K. Rennie, Esquire
                            Delaware Bar No. 3772
                            919 N. Market Street, Suite 1300
                            Wilmington, Delaware  19801-3046
                            (302) 654-7444

                        and

                        KAYE SCHOLER LLP
                        Richard G. Smolev, Esquire
                        Nicolas J. Cremona, Esquire
                        425 Park Avenue
                        New York, New York  10022
                        (212) 836-8000

                        Michael D. Messersmith, Esquire
                        Three First National Plaza - Suite 4100
                        70 West Madison Street
                        Chicago, Illinois  60602
                        (312) 583-2300

                        Attorneys for Christine C. Shubert, Chapter 7
                        trustee for Winstar Communications, Inc., et al.